UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAXWELL LOMAX BRACK,

    Petitioner,                                       Civil No. 2:20-CV-11126
                                                       HON. MARK A. GOLDSMITH

v.

SONAL PATEL,

    Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

Maxwell Lomax Brack, ("Petitioner"), presently confined at the Woodland Center Correctional Facility in Whitmore Lake, Michigan, filed a pro se application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 13, 2020, Magistrate Judge R. Steven Whalen signed an "Order to Correct Deficiency," in which Petitioner was ordered to submit a $ 5.00 fee for filing a habeas corpus petition or an application to proceed in forma pauperis within twenty-one days of the order. Petitioner's action is dismissed without prejudice, because Petitioner failed to comply with an order of the court.

Petitioner failed to comply with the order of deficiency by either submitting the $5.00 filing fee or an application to proceed in forma pauperis.

If a prisoner who seeks habeas corpus relief does not comply with a district court's directions in a deficiency order, regarding the prisoner's failure to pay the full filing fee or his failure to provide the required documentation to apply to proceed in forma pauperis, the district court must presume that the prisoner is not a pauper, assess the full filing fee, and dismiss the case

1

for want of prosecution if the fee is not paid. See Gravitt v. Tyszkiewicz, 14 F. App'x 348, 349 (6th Cir. 2001) (citing McGore v. Wrigglesworth, 114 F.3d 601, 605 (6th Cir. 1997)). The deficiency order clearly stated that Petitioner was required to submit either the $ 5.00 filing fee or an application to proceed in forma pauperis. The deficiency order also expressly warned Petitioner that failure to comply with the order could result in the dismissal of his action. Petitioner failed to pay the filing fee or submit the required application to proceed in forma pauperis; his petition is subject to dismissal for want of prosecution. Gravitt, 14 F. App'x at 349; see also Bischoff v. Genesis House, No. 06-cv-10231, 2006 WL 752755, *1 (E.D. Mich. Mar. 21, 2006).

The petition for a writ of habeas corpus is summarily dismissed without prejudice. The Court denies a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. Id. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court denies a certificate of appealability; the dismissal of the petition based on Petitioner's failure to cure his filing deficiency is not debatable amongst jurists of reason. See Soeken v. Estep, 270 F. App'x 734, 735-36 (10th Cir. 2008).

The Petition for a Writ of Habeas Corpus (Dkt. 1) is dismissed without prejudice. Nothing in this order precludes petitioner from submitting a new habeas petition with payment of the filing fee or the in forma pauperis application. A certificate of appealability is denied.

SO ORDERED

Dated: November 5, 2020      s/Mark A. Goldsmith
     Detroit, Michigan      MARK A. GOLDSMITH
     United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 5, 2020.

     s/Karri Sandusky
     Case Manager